KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER     Bar No. 066401
NANCY BARRON        Bar No. 099278
ELLIOT CONN         Bar No. 279920
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

HOUSING & ECONOMIC RIGHTS ADVOCATES
ARTHUR D. LEVY      Bar No. 095659
1814 Franklin St., Ste. 1040
Oakland, CA 94612
Telephone: (415) 702-4551
Facsimile: (415) 814-4080

Attorneys for Plaintiff NARCISO FUENTES and the proposed class

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| NARCISO FUENTES, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. 4:16-cv-02001-JSW |
| | CLASS ACTION |
| Plaintiff, | **DECLARATION OF NARCISO FUENTES IN OPPOSITION TO DISH NETWORK L.L.C.'S MOTION TO COMPEL ARBITRATION** |
| vs. | |
| DISH NETWORK, L.L.C.; and DOES 1 through 50, inclusive, | **Date: June 17, 2016** |
| | **Time: 9:00 a.m.** |
| Defendants. | **Courtroom 5 – 2nd Floor** |
| | **Hon. Jeffrey S. White** |

Yo, Narciso Fuentes, hago esta declaración como sigue:

**Antecedentes**

1. Yo soy el Demandante en la acción indicado arriba. Si fuera llamado a testificar, testificaría con base en mi conocimiento de los asuntos indicados a lo siguiente.

///

///

1
Declaration of Narciso Fuentes (Spanish)

1  2.     Tengo 43 años y nací en Madrid, Colima, México.  Actualmente vivo en Oakland
2  con mi esposa e hijo.  Trabajo como un operador de máquinas en Pacific Paper Tube, Inc.  Mi
3  esposa no trabaja.

4  3.     Siempre he vivido en áreas de Oakland donde predominantemente se habla
5  español, y nunca he aprendido a hablar o escribir en inglés.  Solamente conozco algunas pocas
6  palabras de inglés.

7  4.     El nivel de educación más alto que he cumplido es la secundaria en México.  Fui
8  a tres meses de colegio en México y luego deje de asistir para empezar a trabajar.

### **El Volante de Dish Network**

10  5.     Al empezar el mes de agosto de 2015, recibí un volante en el correo que apareció
11  que fue de Dish Network.  El volante fue en español y ofreció a servicios de televisión de Dish
12  Network por $19.99 por mes por doce meses.  El volante dijo que "¡LLAMA YA!" a 1-844-268-
13  4175. Adjunto como **Prueba Documental A** es una copia verdadera y correcta del volante que
14  recibí de Dish Network.

15  6.     Siguiendo esto, llamé al 1-844-268-4175 número.  Cuando llamé, fui
16  inmediatamente saludado en español con una voz grabada que me dijo que mi llamada pudiera
17  ser grabada.

18  7.     Fui conectado con una agenta que hablaba español llamada Paulina Nuñez.
19  Discutí con Paulina, completamente en español, cuales canales recibiría, cuantos receptores
20  recibiría, cuanto tiempo duraría el contrato, el precio de los servicios, y cuando los receptores y
21  satélites serían instalados.  No ingles fue usado durante la llamada.

22  8.     Paulina me dijo que mi contrato sería $31.99 para los primeros seis meses y
23  $39.99 para los seis meses siguientes.  Estuve de acuerdo a comprar el servicio.

24  9.     Durante la llamada, Paulina nunca usó la palabra "arbitration" ni habló sobre
25  arbitración.  No indicó si cualquier acuerdo estaría sujeto a arbitración.  De hecho, en ese
26  momento, yo no sabía que era arbitración.

27  ///
28  ///

**La Instalación de Servicios en Mi Casa**

10. Unos días después, en o cerca del 8 de agosto de 2015, un representante de Dish Network vino a mi casa para ejecutar el acuerdo e instalar los receptores. Fue un hombre caucásico en sus mediados de los años cincuenta y no hablaba español.

11. Antes de que llegó el representante de Dish Network a mi case, no había sido proporcionado cualquier contrato o documentos por Dish Network, y no había firmado cualquier contrato o documento.

12. Después de la instalación de los receptores, el representante de Dish Network me dio un dispositivo electrónico de pantalla pequeña e indicó que firmara en ello. El representante de Dish Network señaló donde tenía que firmar. No fui capaz de leer cualquier cosa en la pantalla. Tal vez tenía texto en la pantalla, pero fue en un idioma que no pude leer.

13. Aunque no supe que estaba firmando, sentí que tenía que firmar para recibir el servicio. Sentí apurado y lo firmé. El representante de Dish Network no me lo explicó porque no hablaba español.

14. El representante de Dish Network no me imprimió una copia de lo que firmé y no fui proporcionado una copia de cualquier contrato o cosa que yo había firmado. También nadie me dijo si iba a recibir una copia de cualquier cosa por el correo. Ninguna traducción en español me fue proporcionado.

15. En el tiempo de la instalación, el único artículo que me fue provisto para firmas fue el dispositivo electrónico de pantalla pequeña. Solamente firmé ahí. No firme cualquier papel.

16. Ahora he sido demostrado Prueba Documental A, el "DISH NETWORK SERVICE L.L.C. SERVIER AGREEMENT" y Prueba Documental B, el "Digital Home Advantage Plan Agreement" para la Declaración de Shannon Picchione en Apoyo de la Moción de Dish Network L.L.C. a Obligar Arbitración. Las firmas aparecen ser mías. La única manera de que pudiera haber firmado estos documentos es por el dispositivo electrónico de pantalla pequeña en el momento de instalación.

///

17. El representante de Dish Network instaló los controles remotos para los receptores y me proporcionó una carpeta que incluyó un folleto titulado "IMPORTANT PRODUCT INFORMATION HOPPER WITH SLING DISH." Adjunto como **Prueba Documental B** es una copia verdadera y correcta del documento "IMPORTANT PRODUCT INFORMATION HOPPER WITH SLING DISH". No fui proporcionado con una traducción de este documento en español.

18. Durante la llamada con Paulina y en el momento del la instalación, no proporcioné a Dish mi dirección de correo electrónico. No proporcioné a Dish la dirección "noemail@dish.net." Eso nunca a sido mi dirección de correo electrónico.

**Mi Carta a Dish Network**

19. He revisado el Prueba Documental E a la Declaración de Shannon Picchione en Apoyo de la Moción de Dish Network L.L.C. a Obligar Arbitración, el cual entiendo que Dish reclama que me mandaron por email el 8 de septiembre de 2015. A lo mejor de mi conocimiento, no recibí ningún correo electrónico de Dish conteniendo una factura o términos como los escritos en las páginas 7 y 8 de la Prueba Documental E. He revisado mi correo electrónico personal y no he encontrado ningún correo electrónico de Dish Network.

20. La única factura que recibí de Dish Network, por correo o por correo electrónico, fue una factura en español que recibí en agosto de 2015. Una copia verdadera y correcta de la factura que recibí esta adjunto como **Prueba Documental C**. Conforme a la única factura que recibí, yo debía $98.32. Esto fue mucho más alto que el $31.99 que Sra. Nuñez me había dicho estaría en mi factura cuando hablemos inicialmente en español temprano en agosto de 2015, en respuesta del volante en español.

21. Preocupado por la factura alta, en septiembre de 2015, fui al East Bay Community Law Center Consumer Justice Clinic, localizado a 3130 Shattuck Ave, Berkeley, California, para ayuda. Afortunadamente, tenían un defensor que hablaba español.

22. Los defensores en EBCLC me ayudaron a preparar una carta para Dish Network que fue mandado en inglés. Adjunto como **Prueba Documental D**, es una copia verdadera y correcta de la letra que mandé a Dish Network el 10 de septiembre de 2015. El defensor me dijo

en español que la letra pidió a Dish Network que me proporcionaran una copia de cualquier contrato o acuerdo que yo había firmado con Dish Network en inglés e español. También entiendo que demandé que Dish Network me proporcionaran las grabaciones de audio de todas mis conversaciones con los empleados de Dish Network.

23.   En octubre de 2015, recibí la letra adjunta, que entiendo que es en inglés. Adjunto como **Prueba Documental E** es una copia verdadera y correcta de la letra del 13 de octubre de 2015 y el contrato que recibí de Dish Network. Dish Network no me proporcionó con una copia del contrato en español ni con las grabaciones de audio. Ningún copia de versiones de este contrato fueron proporcionados en español.

### Provisión de Arbitraje

24.   Nunca fui informado de la provisión de arbitraje, tampoco fue mencionado a mi ese término o tema por el representante hispano-hablante en el teléfono ni por el representante de Dish Network que vino a mi casa. No estoy consciente que he firmado cualquier cosa que me pone de acuerdo con arbitraje o con ceder mi derecho a ir a corte en el caso de la disputa, o que había recibido cualquier cosa de Dish proporcionando eso.

### Gastos de Arbitraje

25.   Soy el único que gana un ingreso para mi familia, que incluye mi esposa y nuestro hijo, y para la mayoría de los meses, tengo casi suficiente para pagar mis expensas y proveer comida para mi familia. Yo llevo a case aproximadamente $2,400.00 cada mes, y mis expensas, incluyendo pero no solamente, renta, utilidades, comida, gasolina, seguro de vehículo, y seguro de salud son casi iguales a mi ingreso. Debido a mis obligaciones a mantener a mi familia, no tengo dinero extra para pagar gastos o honorarios de arbitraje significantes ni honorarios de los abogados de Dish Network.

Declaro, bajo pena de falso testimonio bajo las leyes de los Estados Unidos de América que lo precedente es verdadero y correcto y que esta Declaración fue ejecutada el 20 de mayo de 2016, en San Francisco, California.

_____
NARCISO FUENTES