KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER     Bar No. 066401
ELLIOT CONN     Bar No. 279920
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

HOUSING & ECONOMIC RIGHTS ADVOCATES
ARTHUR D. LEVY     Bar No. 095659
1814 Franklin St., Ste. 1040
Oakland, CA 94612
Telephone: (415) 702-4551
Facsimile: (415) 814-4080

Attorneys for Plaintiff NARCISO FUENTES and the proposed class

COBLENTZ PATCH DUFFY & BASS LLP
RICHARD R. PATCH     Bar No. 088049
CLIFFORD E. YIN     Bar No. 173159
One Montgomery Street, Suite 3000
San Francisco, CA 94104-5500
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Defendant DISH NETWORK LLC

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NARCISO FUENTES, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>    vs.<br><br>DISH NETWORK, L.L.C.; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | **Case No. 4:16-cv-02001-JSW**<br><br>CLASS ACTION<br><br>**JOINT STATUS REPORT** |

//

Pursuant to the Court's Order of October 11, 2017 denying Plaintiff's Motion for Reconsideration (ECF No. 66), Plaintiff NARCISO FUENTES and Defendant DISH NETWORK L.L.C. submit the following status report.

## **Status of Arbitration**

On February 20, 2018, FUENTES filed a Demand for Arbitration before the American Arbitration Association. DISH filed an Answer on April 12, 2018.

On June 19, 2018, Carolyn Samiere was appointed as the Arbitrator in the matter. A telephonic preliminary hearing was conducted on July 13, 2018. At the preliminary hearing, the Arbitrator set a hearing date for FUENTES's Motion to Determine Arbitrability of Claim and Enforceability of Arbitration Clause.

The Arbitrator conducted an In-Person Hearing on FUENTES's Motion on November 1, 2018. The Parties submitted Post-Hearing Briefing on November 29, 2018.

On December 11, 2018, the Arbitrator issued the Arbitrator Findings of Fact and Ruling on Claimant's Motion To Determine Arbitrability of Claim and Enforceability of Clause and ruled that "the subject arbitration clause is unenforceable by operation of law and its own terms, and is procedurally unconscionable." (**Exhibit A**). As a result, the Arbitrator found that, "the arbitrator believes she is without authority to decide the merits of any of the arbitration claims . . ." (*Id.*)

On January 9, 2019, the Arbitrator entered an Order of Dismissal of Arbitration. (**Exhibit B**).

///
///
///
///
///
///
///

## Requested Next Steps

Because the Arbitration has been dismissed due to the Arbitrator's finding that the underlying arbitration clause is unenforceable, the Parties request that the stay in this case be lifted and that the matter be returned to the Court's active calendar. The parties request that the Court set a status conference within thirty (30) days.

Dated: February 1, 2019            KEMNITZER, BARRON & KRIEG, LLP

HOUSING & ECONOMIC RIGHTS ADVOCATES

By:   /s/ *Elliot Conn*
      ELLIOT CONN
      Attorneys for Plaintiff NARCISO FUENTES

Dated: February 1, 2019            COBLENTZ PATCH DUFFY & BASS LLP

By:   /s/ *Clifford E. Yin* (with permission)
      CLIFFORD E. YIN
      Attorneys for Defendant DISH NETWORK LLC

**EXHIBIT A**



## ARBITRATOR FINDINGS OF FACT AND RULING ON CLAIMANT'S MOTION TO DETERMINE ARBITRABILTY OF CLAIM AND ENFOREABILITY OF CLAUSE

Case Number: 01-18-0000-8924

Narciso Fuentes
-vs-
DISH Network, LLC

Arbitrator ruling: the subject arbitration clause is unenforceable by operation of law and its own terms, and it is procedurally unconscionable.

### Brief Procedural Background

Claimant's California state court case for damages, restitution, rescission and injunctive relief arising out of Claimant's customer relationship with Respondent was removed to the Federal District Court, Northern District of California and Respondent soon thereafter brought a motion to compel arbitration. Following the Order of the Federal District Court, Northern District of California granting Respondent's motion to compel arbitration, Claimant Filed its Demand for Arbitration and brought this Motion seeking a determination that Respondent's arbitration clause (Arbitration Clause) is unenforceable on the grounds that (i) it impermissibly bars Claimant's public injunctive relief claims under California's Unfair Competition Law and Consumer Legal Remedies Act ( relating to Claimant's purchase of Respondent's entertainment services) in any forum, and (ii) the arbitration clause is procedurally and substantively unconscionable. The parties briefed the motion and a live hearing was held on November 1, 2018 before the arbitrator, with a court reporter recording the hearing. Appearing for Claimant were Arthur Levy, Esq. of Law Offices of Arthur D. Levy, and Elliott Conn, Esq. of Kemnitzer Barron & Krieg. Appearing for Respondent were Richard Patch, Esq., Clifford Yin, Esq., and Kenneth Nabity, Esq., all with the firm Coblentz Patch Duffy & Bass. The parties submitted supplemental briefs following the hearing to respond to the arbitrator's questions regarding online access to contract documents and to brief recent case law.

### Relevant Facts

In August and September 2015, Claimant, who reads only Spanish, sought assistance from a community legal aid to prepare a demand to Respondent for written copies of both English and Spanish versions of an agreement for home entertainment services containing the terms he negotiated with Respondent. Claimant stated that he did not have the opportunity to review any agreement terms in Spanish. At this same time, Respondent states that it sent Claimant a bill around September 9, 2015 by email that contained an English language document stating that Claimant's the Residential Customer Agreement (RCA) was being modified to include arbitrations terms. The evidence in the record is not conclusive as to whether Claimant ever received or had reasonable access to a copy of the bill in Spanish before the expiration of the Arbitration 30-day opt-out period, which was approximately October 10, 2015. Respondents argue that the Spanish version of the September 9, 2015 bill was available to Claimant online, but the facts do not show that Claimant was provided instructions for setting up an online account, including establishing passwords. At various times since Claimant expressed interest in a DISH Network account, Respondent's records contained at least two email addresses for Claimant, one of which "noemail@dish.com" was never owned by Claimant and not provided by him to Dish network. The evidence in the case record is likewise unclear as to which of Respondent's communications and documents intended for Claimant were sent to the erroneous email address, or the reason Dish stopped using the email address provided by Mr. Fuentes.

The Spanish version of the arbitration clause was not accessible by a direct link, or available as a stand-alone document. The clause was embedded in the new version of the RCA which could be accessed only by navigating through the general English language customer website to search for the Spanish language portal. Even if Claimant accessed the Spanish language RCA, identification of the newly added provisions is not highlighted or otherwise readily apparent. Thus, to obtain the terms of the newly added material – the Arbitration Clause -- Claimant would have to make a careful, time-intensive study of the newly amended RCA. Not having had the benefit of the Spanish version of the arbitration amendment, Claimant, who states that he had no prior familiarity with the term "arbitration" (Declaration of Narcisco Fuentes in Opposition to Dish Network L.L.C.'s Motion to Compel Arbitration, page 2, lines 19 -21) , would likely not be able to identifying the new terms without a line-by-line comparison of the old and new versions of the RCA, assuming Claimant could obtain the old version.

There was no opportunity for Claimant to consent to the amendment, and the opt-out period expired before Claimant could have reasonably understood that it existed given the absence of any instructions for setting up an online account and the multi-step online navigation required to access the Arbitration Clause.

Paragraph 12G of the Arbitration Clause contains a class action waiver that bars public injunctive claims brought by a customer litigant in a private capacity in any forum:

> G. <u>Class Action Waiver</u>. NEITHER YOU NOR DISH SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS BY OR AGAINST OTHER INDIVIDUALS OR ENTITIES, OR ARBITRATE ANY CLAIM IN A REPRESENTATIVE CAPACITY, INCLUDING WIHTOUT LIMITAITON, AS A REPRESENTATIVE MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY, IN CONNECTION WITH ANY DISPUTE (as defined above). Further, unless both you and DISH agree otherwise in writing, the arbitrator may not consolidate more than one (1) person's claims and may not preside over any form of a representative or class proceeding. In the event that any portion of this Section 12G is found to be unenforceable, the entirety of Section 12 shall be null and void.

**Arbitrator's Findings and Ruling**:

Claimant, a California resident, is entitled to California legislative protections that are not preempted by the Federal Arbitration Act (FAA). The FAA does not preempt California law on the issue of waiver of public injunctive actions or require enforcement of a provision for complete waiver of public injunctive actions; public injunctive relief remains a remedy available to private plaintiffs with standing under California's consumer protection statutes, and is not restricted to the class action context. Under the decision in *McGill v. Citibank*, N.A., 2 Cal. 5th 945 (2017) contracts that prevent all adjudication of public injunctive relief are unenforceable under California law. *McGill at* 961–62 (2017) ("insofar as the arbitration provision here purports to waive McGill's right to request in any forum such public injunctive relief, it is invalid and unenforceable under California law").

Significantly, the Arbitration Clause does not include a carve-out allowing Claimant to bring a public injunctive relief action in a different forum. Respondent argues that Claimant could have opted out of the arbitration provision, garnering the right to bring his public injunction action in a different forum. However, the arbitrator finds that evidence of (i) the overly burdensome and complicated mechanics of obtaining an online Spanish language version of the Arbitration Clause for Claimant as a non-English speaking customer, (i) the existence of an erroneous account email address for Claimant which may have been used by Respondent to send the Arbitration Clause amendment and online account log-in instructions (potentially operating as a barrier to Claimant's ability to establish an online account); (iii) the 30-day time period for Claimant's exercise of the opt-out privilege began running during the same period in which Claimant demanded in writing correct Spanish and English versions of the RCA and failed to receive a Spanish version of the Arbitration Clause; and (iv) while Claimant complained to

Respondent that he never received the RCA, Respondent unilaterally amended The RCA to include The Arbitration Clause, renders the purported opt-out opportunity meaningless. Even assuming that Claimant was on inquiry notice (not a standard recognized under California law) of the RCA, the opt out opportunity had expired before Claimant could have reasonably learned of its existence. *See Saravia v. Dynamex, Inc.* 319 F.R.D. 412, 420 (N.D. Cal. 2015) (Circumstances of Plaintiff Spanish-speaker's execution of English language agreements were so oppressive as to render meaningless any time-limited opportunity to re-negotiate agreement terms). Claimant's evidence supporting the proposition that the CLRA and UCL claims are being brought for the public benefit (and not as an individual claims) is compelling. While the arbitrator makes no ruling on the merits of the CLRA claim, the evidence on record in this matter raises issues regarding Respondent's practices in offering services to members of the public unable to understand English language documents or navigate Respondent's online portal to retrieve important account documents and notices. The Arbitration Clause, when read as a whole, comprehensively bars Claimant from seeking public injunctive relief in any forum, and it is therefore unenforceable as against Claimant under the *McGill* California Supreme Court decision, and based on the invalidity of the bar to public injunctive relief actions, Paragraph 12G of the Arbitration Clause operates to render the entire Arbitration Clause null and void.

The Arbitration Clause is also unenforceable because it is procedurally unconscionable based on the authorities cited by Claimant, and does not afford Claimant the level of due process mandated by the AAA Consumer Due Process Protocol. Based on the evidence described above and Claimant's argument, the arbitrator agrees with Claimant that "[t]he evidence is overwhelming that DISH did not provide Claimant a fair and square opportunity in any language to realize he was being bound by arbitration provisions or the rules applicable to a AAA Consumer Arbitration." Motion to Determine Arbitrability of Claims, pages 19-20. The AAA Consumer Due Process Protocol, applicable to every AAA Consumer Arbitration, requires that "Consumers should be given: (a) clear and adequate notice of the arbitration provision and its consequences, including a statement of its mandatory or optional character." The evidence of Claimant's surprise regarding the Arbitration Clause, including operation of the opt-out deadlines, together with the apparent lack of full due process under the AAA Consumer Protocol, supports the arbitrator's finding that the Arbitration Clause is procedurally unconscionable. The arbitrator finds substantial merit in Claimant's arguments for substantive unconscionability, however the body of evidence presented on this Motion does not tip the scales in favor of a finding of substantive unconscionability under either Colorado or California legal standards.

Based on the Arbitrator's findings, the Arbitrator rules that the Arbitration Clause is unenforceable. Given the ruling, the arbitrator believes she is without authority to decide the merits of any of the arbitration claims, unless Claimant and Respondent mutually agree to voluntarily arbitrate Claimant's claims. Notice of a mutual agreement of the parties to arbitrate any of Claimant's claims must be submitted to the Arbitrator within ten calendar days of the date of this Ruling. If no mutual agreement is so submitted by the due date, this Arbitration will be terminated.

This Ruling will remain in effect unless it is modified by subsequent Order of the arbitrator.

Date: December 11, 2018

Carolyn Samiere, Arbitrator



**EXHIBIT B**



## ORDER OF DISMISSAL OF ARBITRATION

Case Number: 01-18-0000-8924

Narciso Fuentes
-vs-
DISH Network, LLC

Pursuant to the ARBITRATOR FINDINGS OF FACT AND RULING ON CLAIMANT'S MOTION TO DETERMINE ARBITRABILTY OF CLAIM AND ENFORCEABILITY OF CLAUSE, dated December 11, 2018 and filed in this matter ("Ruling"), this arbitration is to be dismissed if the parties do not provide notice to the AAA Case Manager by December 21, 2018 of their mutual agreement to arbitrate any of Claimant's claims ("Notice").  To date, the AAA Case Manager has not received Notice.  Based on the Ruling and the absence of Notice, the arbitrator orders this arbitration dismissed immediately.  Each party will bear its own costs of the arbitration not allocated by applicable law, agreement, subsequent arbitration award or the judgment of a court of competent jurisdiction.

This Order will remain in effect unless it is modified by subsequent Order of the arbitrator.

Date:  January 9, 2019

_____
Carolyn Samiere, Arbitrator