UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO FUENTES,<br><br>    Plaintiff,<br><br>    v.<br><br>DISH NETWORK L.L.C.,<br><br>    Defendant. | Case No. 16-cv-02001-JSW<br><br>**ORDER DENYING DISH NETWORK, L.L.C.'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 180 |

Now before the Court for consideration is the motion for reconsideration filed by Defendant Dish Network L.L.C. ("DISH"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motion can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons that follow, the Court DENIES DISH's motion.

**BACKGROUND AND ANALYSIS**

On November 15, 2022, the Court granted Plaintiff Narciso Fuentes' motion for partial summary judgment on his claim that Dish violated California's Home Solicitation Sales Act ("HSSA").[1] *Fuentes v. Dish Network L.L.C.*, -- F. Supp. 3d --, 2022 WL 16953629 (N.D. Cal. Nov. 15, 2022). DISH moves for reconsideration of that Order. A party may move for reconsideration on one of three grounds:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.

---

[1] The Court will not repeat the facts underlying this dispute in this Order. *See Fuentes*, 2022 WL 16953629, at *1-*3.

1

> The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Civ. L.R. 7-9(b); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). A party may not raise arguments previously presented to the court. N.D. Civ. L.R. 7-9(c). Similarly, a party should not use a motion for reconsideration to present the court with an argument it reasonably could have raised earlier in the litigation. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

      DISH argues the Court committed clear error because it denied DISH's request to take judicial notice of the HSSA's Legislative History and then failed to follow what DISH argues is the dispositive analysis contained in that history. The Court denied DISH's request because DISH did not need to request judicial notice of the Legislative History to enable the Court to consider it as part of the analysis. To make the Court's reasoning abundantly clear, if DISH had requested the Court take judicial notice of a case on which it relied, the Court would have denied that request as well. However, that would not mean the Court would not have considered the case and its applicability, or lack thereof, as part of its analysis.

      The Court now turns to consider DISH's argument that it should revisit its ruling on the HSSA claim. DISH has consistently argued that the parties' contract did not fall within the scope of the HSSA. In accordance with general principles of statutory interpretation, the Court begins with the text of the HSSA.[2] *Weatherall v. Alum. Products v. Scott*, 71 Cal. App. 3d 245, 247

---

[2] In its reply, DISH states it has always argued the HSSA is ambiguous. The Court searched

(1977). It applies to "any contract, whether single or multiple, or any offer which is subject to approval, for the sale, lease, or rental of goods or services or both, made at other than appropriate trade premises in an amount of twenty-five dollars ($25) or more, including any interest or service charges."[3] Cal. Civ. Code § 1689.5(a). The phrase appropriate trade premises means "premises where either the owner or seller normally carries on a business, or where goods are normally offered or exposed for sale in the course of a business carried on at those premises." *Id.* § 1689.5(b). It is immaterial if a party "maintains 'appropriate trade premises' if the contract was not made at those premises." *Weatherall*, 71 Cal. App. 3d at 248.

"While the intention of the legislature must be ascertained from the words used to express it, the manifest reason and the obvious design of the law should not be sacrificed to a literal interpretation of such language." *County of Los Angeles v. Frisbie*, 19 Cal. 2d 634, 639 (1942). The HSSA was designed to protect "consumers from the high pressure sales tactics of door-to-door solicitors, but the clear, unambiguous language of the statute gives it a much broader application." *Louis Luskin & Sons, Inc. v. Samovita*, 166 Cal. App. 3d 533, 536 (1985); *cf. Erhart v. DirecTV*, No. N10C-09-019 PLA, 2012 WL 2367426, at *5 (Del. Sup. Ct. 2012).

California law is clear that focus is not whether the parties entered into a contract at Fuentes's home. "[The test for applicability of the statute is … whether it [was] made somewhere other than [Dish's] place of business." *Id.* In *Luskin,* the court noted that the statute can apply to contracts made at a variety of locations, including swap meets or at real property a buyer does not use as a residence. *Id.* Thus, although it is silent on contracts made by telephone, the HSSA is broad enough to cover the situation here, where Fuentes contacted DISH at one of its call centers. To the extent the Court's ruling could be construed as ruling in Fuentes's favor only because he was in his home when he initiated the call to DISH, that was *not* the dispositive factor for the

---

for the terms "ambiguous", "ambiguity", "silence", and "silent" in DISH's briefing on its motions to dismiss and on summary judgment, and the only hits were unrelated to this issue. DISH also argued "[t]he language of the HSSA is clear: it applies solely to contracts made 'at other than appropriate trade premises.'" (Dkt. No. 90, Reply at 1:25-26.)

[3]   It is undisputed that the contract was for the sale or lease of services and that it exceeded $25.00.

3

Court.

In *Erhart*, on which DISH has relied throughout the litigation, the plaintiffs ordered cable service and incurred damage to their home after the cable was installed. In their lawsuit, they included a claim for violation of Delaware's HSSA, which applied to certain contracts "made at a place other than the place of business of the seller." 2012 WL 2367416, at *5 (quoting 6 Del. C. § 4403(3)). Unlike California's HSSA, however, the Delaware HSSA expressly excludes transactions initiated by a buyer that are "conducted and consummated entirely by mail or telephone." *Id.* § 4403(3.d). The plaintiffs, who initiated the call to the defendant, argued that the transaction fell within the scope of Delaware's HSSA because they were required to sign the contract at their home. The court rejected that argument, and DISH argues the Court should reach the same conclusion here. *Id.* at *5-*6.

Under California law, the fact that Fuentes initiated the phone call is not dispositive. *Weatherall,* 71 Cal. App. 3d at 248 ("[T]he definition of the phrase 'home solicitation' in the statute focuses not on who initiated the contact between buyer and seller, but on where the contract was made."); *see also* Cal. Civ. Code § 1689.13 (setting forth conditions when contract initiated by a buyer will not fall within scope of 1689.5). DISH argues that the following hypothetical from the Legislative History shows that under these circumstances, Fuentes should have been considered the offeror:

> A homeowner telephones a seller at his place of trade or business to place an order for particular goods or services and … instructs [the seller] to deliver the goods or services at a stated price of over $50 to the homeowner's residence. An oral contract is made.

(Dkt. No. 155-2, RJN, Ex. A-3 at 1.)

The Legislative Counsel opined that a contract made over the phone between a homeowner and a seller at the seller's place of business would not be covered by the HSSA. It began its analysis by noting that there were no provisions in the HSSA "for contracts made by telephone." *Id.* at 2. It then proceeded to apply the "general rule of contract law that an oral contract consummated over the telephone is deemed made where the offeree utters the words of acceptance." *Id.* (citing *Traveler's Ins. Co. v. Workers Comp. App. Bd.*, 67 Cal. 2d 7, 14 (1967)).

4

The Legislative Counsel reasoned that, in the hypothetical posed, the homeowner would be the offeror. They initiated a telephone call "to the seller to offer to buy particular goods at a specified prices, and then instruct[ed] the seller to deliver the goods to [their] residence." If the seller manifested its assent to those terms at its "appropriate trade premises," the contract would fall outside the scope of the HSSA. *Id.* at 2-4.

This Court cited and applied the same general principle of contract law to determine where the parties' contract was made and then it considered who should be considered the offeree on the facts presented. *Fuentes*, 2022 WL 16953629, at *5 (citing *Traveler's*, 67 Cal. 2d at 14). The Court reached a conclusion that varied from the hypothetical posed in the Legislative History because it concluded that the transcript of Fuentes' telephone call with Nunez demonstrated that Fuentes (the homeowner) did *not* offer to buy DISH's services at a specified price. Rather, after Nunez ran the credit check, *she* presented Fuentes with the offers available to him. Based on the factual record in this case, the Court concluded that Fuentes manifested his assent to the terms in his home making him the offeree and not the offeror.

The Court has reviewed the transcript again in connection with this motion. That transcript is replete with references about what DISH is proposing to Fuentes with regard to pricing and services. In addition, Nunez asked Fuentes if he agreed to the terms and conditions she provided. *Fuentes*, 2022 WL 16953629, at *2. The facts before this Court are not analogous to the hypothetical posed in the Legislative History, and the Court finds no basis to revisit its decision that DISH was the offeror and that Fuentes was the offeree and manifested his assent to the terms and conditions proposed by DISH in his home.

DISH raises two additional arguments about why the Court should reconsider its decision. First, it argues the Court's novel interpretation of the HSSA, applied retroactively, deprives DISH of due process. Second, DISH argues the ruling is manifestly unjust because DISH relied on the Legislative History to guide its conduct. The Court is not persuaded by either argument because its decision rested on general principles of contract law and on the facts presented to it in this particular case.

//

Accordingly, the Court DENIES DISH's motion for reconsideration. The parties shall appear as scheduled on March 24, 2023, and the Court extends the deadline to file a further case management conference statement to March 22, 2023.

**IT IS SO ORDERED**.

Dated: March 16, 2023

_____
JEFFREY S. WHITE
United States District Judge