UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO FUENTES,<br><br>    Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>    Defendant. | Case No. 16-cv-02001-JSW<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 186 |

Now before the Court for consideration is the motion to remand filed by Plaintiff Narciso Fuentes ("Fuentes"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it DENIES Fuentes' motion.

On or about March 7, 2016, Fuentes filed a complaint in the California Superior Court for the County of Alameda, asserting putative class claims against Defendant Dish Network L.L.C. ("Dish") for alleged violations of California's Home Solicitation Sales Act (the "HSSA claim"), Civil Code section 1632 (the "CTA claim"), the Consumer Legal Remedies Act (the "CLRA claim"), and the Unfair Competition Law ("UCL claim"). Dish removed the case to this Court on the basis that the Court had jurisdiction under the Class Action Fairness Act. This motion is Fuentes' first motion to remand.

During the course of this litigation, the Court resolved a motion to compel arbitration, motions to dismiss, Fuentes' motion for class certification, and the parties' motions for summary judgment. The Court denied the motion for class certification. The Court concluded Dish was entitled to summary judgment on Fuentes' CTA claim, the CLRA claim, in part, and the UCL claim, in part. It concluded Fuentes was entitled to summary judgment on his claim for alleged violations of the HSSA and the CLRA claim, and the UCL claim to the extent those claims

depended on his HSSA claim.

The parties agreed to enter into a stipulated judgment, under which Fuentes will recover damages in the amount of $2,590.  Therefore, the only other relief available is Fuentes' request for public injunctive on the UCL and CLRA claims.  However, Fuentes terminated his Dish subscription in August 2017, has not subscribed since that time, and does not intend to subscribe to Dish in the future.  (*See* Dkt. No. 186-1, Declaration of Narciso Fuentes, ¶ 2; Dkt. No. 186-2, Declaration of Kassandra Calderas, ¶¶ 1-3, Ex. A (Translation of Fuentes Declaration).)

Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. Am.*, 511 U.S. 375, 377 (1994).  In order for a district court to have subject matter jurisdiction over a plaintiff's claims, a plaintiff must present a live case or controversy, as required by Article III of the U.S. Constitution.  *See* U.S. Const. art. III section 2, cl. 1.  In order for there to be a case or controversy within the meaning of Article III, a plaintiff must have standing to pursue their claims and must "maintain their personal interest in the dispute at all stages of litigation." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2208 (2021).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Standing is not dispensed in gross," and a plaintiff must have standing for each form of relief they seek.  *Id.*  The parties agree that Fuentes lacks standing to pursue injunctive relief. Fuentes argues that requires the Court to remand the case for lack of jurisdiction.  Dish argues that because the Court has ruled on the question of liability on each of his claims, there are no unadjudicated claims to remand.  The Court agrees with Dish.  *See, e.g., Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208, 236-237 (2023) ("A public injunction is sought by an aggrieved person in an action filed on his or her own behalf, not on behalf of the general public, even though the primary purpose and effect of the relief is to prohibit and enjoin conduct that is injurious to the general public. … A public injunction is a unitary remedy that cannot be divided into 'individual' and 'representative' components.") (cleaned up).

//

//

Accordingly, the Court DENIES Fuentes' motion to remand. The parties shall file the stipulated judgment by no later than May 26, 2023.

**IT IS SO ORDERED**.

Dated: May 17, 2023

_____
JEFFREY S. WHITE
United States District Judge